**EXHIBIT D**

**NYPD PATROL GUIDE PG 212-75**

**"SEARCH WARRANT APPLICATIONS"**

# P.G. 212-75 Search Warrant Applications

Date Effective: 03-11-21

PURPOSE

To apply for a search warrant based on timely and accurate intelligence.

DEFINITIONS

SEARCH WARRANT - a court order and process directing a police officer to conduct a search of designated premises, or of a designated vehicle, or of a designated person, for the purpose of seizing designated property or kinds of property, and to deliver any property so obtained to the court which issued the warrant. A search warrant may also authorize the search of a designated premises for a person who is the subject of an arrest warrant. This procedure is intended to apply, however, only to search warrants that authorize a search for property.

SEARCH WARRANT APPLICATION - comprised of three documents:

a. SEARCH WARRANT which is typically a one page form that describes the location to be searched and items to be seized; and

b. SEARCH WARRANT AFFIDAVIT which is a sworn, detailed, written statement by a uniformed member of the service asserting that certain facts exist that the applicant believes establish probable cause that the place to be searched contains particular contraband or evidence; and

c. SEARCH WARRANT REQUEST (PD374-162) which is a form that includes all pertinent information required when investigating the need for search warrant.

NOTE: The Criminal Procedure Law lists the following categories of property as subject to seizure pursuant to a search warrant:

a. Stolen property

b. Unlawfully possessed or contraband

c. Used or possessed for the purpose of committing or concealing a crime

d. Evidence, which tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense.

PROCEDURE

When a uniformed member of the service has established probable cause to believe that seizeable property is present at a particular location:

UNIFORMED MEMBER OF THE SERVICE

1. Confer with immediate supervisor and commanding officer.

2. Conduct interviews, collect statements and obtain all other evidence that is to be presented when applying for a search warrant.

3. Conduct a Secure Automated Fast Event Tracking Network (SAFETNet) check.

a. Obtain and record the SAFETNet control number, required by the District Attorney's Office.

4. Complete SEARCH WARRANT REQUEST.

NOTE: The SEARCH WARRANT REQUEST is accessed through the Department Intranet homepage under "Department Forms and Reports" for all members of the service assigned to all commands other than the Detective Bureau. Members of the Detective Bureau will access this form through the Enterprise Case Management System (ECMS).

SUPERVISOR CONCERNED

5. Investigate the target location:

a. Conduct reconnaissance and surveillance

b. Verify the target location by photo, diagram or other means.

6. Evaluate, confirm and document all information gathered prior to being submitted to commanding officer for approval.

a. Review and sign SEARCH WARRANT REQUEST.

NOTE: When probable cause for a search warrant is based on information from confidential informants/civilian witnesses the immediate supervisor of the member of service will personally witness the interview and verify the target location with the informant by photograph, diagram or other means.

In addition, the supervisor witnessing the interview of the informant will ensure that information regarding any other criminal matter known to the informant is also elicited in accordance with P.G. 212-68 "Confidential Informants."

Members of the service must make every effort to corroborate information provided by informants through reconnaissance, surveillance and records checks. The Legal Bureau may be consulted for advice and guidance.

7. Prepare a report on Typed Letterhead addressed to the captain or above, command concerned and include:

a. The background checks performed via computer/other means on confidential informants and subjects (see ADDITIONAL DATA section, "Background Checks Which Must be Conducted as Part of the Search Warrant Application Process.")

b. Any circumstances that suggest that the search warrant must be executed as soon as possible (e.g., a large cache of firearms or drugs is present and is about to be moved).

c. Results of reconnaissance and verification of the target location and methods used (e.g., photo, diagram, or other means).

d. Indication that, if a confidential informant/civilian witness provided any aspect of probable cause, a supervisory officer personally witnessed the interview. Ensure that the informant/witness is not identified by name.

e. Justification for any request for nighttime or "no-knock" authorization.

f. Any other pertinent information.

NOTE: Only a commanding officer in the rank of captain or above can grant permission to apply to the District Attorney for a search warrant. If commanding officer concerned is below the rank of captain, the commanding officer concerned must forward all information to captain or above assigned to overhead command for approval of the search warrant application.

CAPTAIN OR ABOVE COMMAND CONCERNED

8. Review the supervisor's report and compare it with all information gathered during the search warrant application process, and include report in investigative file.

a. Review and sign the approved SEARCH WARRANT REQUEST.

9. Give special scrutiny to cases where probable cause has been established based on the statements of a confidential informant/witness, and:

a. The contraband/subject in question was not actually observed.

b. Several days have elapsed since contraband/subject was observed.

c. The confidential informant has been registered on an emergency/ contingency basis and is citing exigent circumstances requiring an immediate response from the police.

10. Evaluate all information pertaining to the request for a search warrant and through endorsement:

a. Grant permission to apply to the District Attorney for a search warrant; OR

b. Return search warrant request to supervisor concerned for further development; OR

c. Disapprove search warrant request.

PERMISSION GRANTED TO APPLY TO THE DISTRICT ATTORNEY FOR A SEARCH WARRANT

11. Review previously obtained SAFETNet control number.

NOTE: The District Attorney's Office will not process a search warrant without a SAFETNet control number.

12. Direct member concerned to contact the District Attorney's Office for preparation of the Search Warrant Application.

NOTE: If Search Warrant Application is disapproved by the District Attorney or court:

a. File folder at command; AND

b. Notify the Intelligence Bureau, Sensitive Data Unit by telephone for inclusion of the details regarding the disapproved Search Warrant Application in the citywide database.

13. Forward all information to the borough executive officer/counterpart (e.g.; Narcotics Borough Executive Officer, Detective Borough Executive Officer, Patrol Borough Executive Officer, etc.) concerned for review and approval of execution, if approved by the District Attorney.

BOROUGH EXECUTIVE OFFICER/COUNTERPART

14. Confer with the captain or above that is requesting the execution of the District Attorney approved search warrant.

15. Evaluate the search warrant approved by the District Attorney and indicate one of the following by endorsement:

a. Grant permission to execute search warrant; OR

b. Disapprove execution of search warrant.

NOTE: If warrant is to be executed by a Patrol Services Bureau command in another patrol borough, the approval of both borough commanding officers is necessary. In the event of a disagreement, the Chief of Patrol will make the final determination. When a command in any other bureau is executing a search warrant in another jurisdictional borough, the executive officer/counterpart of that borough must be consulted with (e.g., Manhattan North Narcotics applying to execute a search warrant in the Bronx, the executive officer/counterpart of Manhattan North Narcotics will consult with the executive officer/counterpart of Bronx Narcotics.)

If the borough executive officer is unavailable, information will be forwarded to the borough commanding officer. When exigent circumstances exist, duty chief may be contacted for approval.

For investigations under the purview of the Internal Affairs Bureau and the Deputy Commissioner, Intelligence and Counterterrorism; SAFETNet inquires and/or conferrals with other units, commands, or agencies will be conducted in a manner prescribed by the Deputy Commissioner Internal Affairs or Deputy Commissioner, Intelligence and Counterterrorism, as appropriate, so as not to compromise internal or sensitive investigations.

In all cases, specialized units (e.g. the Narcotics Module, Firearms Investigation Unit, etc.) will be conferred with prior to the execution of a warrant when the subject of the warrant falls within their functional jurisdictions.

CAPTAIN OR ABOVE COMMAND CONCERNED

16. File folder at command, if disapproved at borough level.

a. Notify the Intelligence Bureau, Sensitive Data Unit by telephone for inclusion of the details regarding the disapproved Search Warrant Application in the citywide database.

17. Comply with provisions of <u>P.G. 221-17</u>, "Search Warrant Execution" if approved at borough level.

REQUEST TO APPLY TO THE DISTRICT ATTORNEY FOR A SEARCH WARRANT REQUIRES FURTHER DEVELOPMENT

18. Return the request to apply to the District Attorney for a search warrant to the supervisor concerned.

19. Confer with supervisor concerned and instruct to resubmit, if appropriate.

REQUEST TO APPLY TO THE DISTRICT ATTORNEY FOR A SEARCH WARRANT REQUIRES DISAPPROVAL

20. Disapprove the request to apply to the District Attorney for a search warrant, if necessary.

21. File folder at command.

ADDITIONAL DATA

BACKGROUND CHECKS WHICH MUST BE CONDUCTED AS PART OF THE SEARCH WARRANT APPLICATION PROCESS:

SECURE AUTOMATED FAST EVENT TRACKING NETWORK (SAFETNet) - SAFETNet alerts investigators to any active or open cases either at the target location or involving the target subject which are being conducted by other law enforcement personnel. If a SAFETNet check shows another investigation at the location, a conferral with the investigating unit should be made, and investigative information garnered by the requestor passed on to that unit.

NARCOTICS INVESTIGATIVE TRACKING OF RECIDIVIST OFFENDERS (NITRO) - lists persons arrested within the location or area for narcotic related offenses. Nitro also reveals any active or closed kites at the location. An original copy of the COMPLAINT REPORT (PD 313-152) can be obtained at the Field Operation Desk.

COMPUTER CRIMINAL HISTORY (CCH) - more commonly known as a "rap sheet". The CCH can be obtained from various sources: NYSPIN, Enforcer 2000 terminal, Department of Criminal Justice Services, preparing and submitting a REQUEST FOR RECORDS CHECK (PD 349-161) to the Identification Section.

COMPUTER ASSISTED ROBBERY SYSTEM (CARS) - this system searches Index Crime Complaints, State Parole, City and State Corrections, Warrant Cards, Nickname file, and Career Criminals.

BETA - system utilized to verify New York City criminal records dating back to the early 1960's including persons fingerprinted in New York City criminally and civilly, such as pistol permits, and police/correction applications.

AUTOMATED DB2 WARRANT SYSTEM (REPLACED WARG/WOLF) - reveals persons who have active warrants and the status of the warrant investigation.

COURT RECORD INFORMATION MANAGEMENT SYSTEM (CRIMS) - this system verifies active court cases and the scheduled appearances of a defendant. It informs personnel whether a subject is incarcerated or released.

DEPARTMENT OF MOTOR VEHICLES (DMV) - will provide a motorist and vehicle history.

ICAD - a check of this system will list all calls for service at the location in question for a specific time period.

PHOTO IMAGING MODULE (PIM) - allows the investigator to obtain photo

identifications of suspects at the location of the search warrant.

COMPLAINT ADDRESS TRACKING SYSTEM (CATS) - system designed to ascertain if anyone residing at the subject location has reported offenses (COMPLAINT REPORTS) to this Department.

WARRANT INQUIRY (WINQ) - ascertains if an individual may be wanted outside of New York City. This check searches the state and federal wanted databases.

A review of the COLES directory (utilize internet, ANYWHO.COM, AUTOTRACK.COM, LEXIS-NEXIS).

Conferral with the License Division to determine if there is a licensed gun owner residing at the subject location.

Conferrals with Key Span Energy and Consolidated Edison (gas and electric utilities) to reveal billing to the target location.

When warrants are to be executed within a Housing Authority Development, a "Tenant Data Check" for the subject apartment will be conducted. Such a check would disclose the tenant of record for the subject apartment.

Any other pertinent intelligence regarding persons/premises involved.

ORAL APPLICATION FOR SEARCH WARRANT

Section 690.36 of the Criminal Procedure Law allows for applications for search warrants to be made orally. When the arraignment part of the local criminal court is closed and the situation is of such urgency that it cannot be secured until the court re-opens, member concerned shall contact their borough executive officer/counterpart or, if unavailable, duty chief through their immediate supervisor. The Legal Bureau is available for assistance and guidance in this matter. If Legal Bureau is closed, the member will adhere to P.G. 211-20, "Conferral With Department Attorney."

RELATED PROCEDURES
Confidential Informants (P.G. 212-68)
Search Warrant Execution (P.G. 221-17)
Conferral With Department Attorney (P.G. 211-20)

FORMS AND REPORTS
WARRANT TRACKING SYSTEM - PRE-WARRANT DATA ENTRY FORM (PD374-143)
PROPERTY CLERK INVOICE (PD521-141)
REQUEST FOR RECORDS CHECK (PD349-161)
COMPLAINT REPORT (PD313-152)
SEARCH WARRANT REQUEST (PD374-162)
Search Warrant Application
Typed Letterhead